IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN DEVONTA SMITH, # 228061, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:16cv935-MHT |
| | ) [WO] |
| JOHN CROWE, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Shawn Devonta Smith ("Smith") on November 29,

2016.  Doc. # 1.[1]  Smith challenges his convictions and resulting sentence for three counts

of first-degree kidnapping and one count of second-degree kidnapping entered by the

Houston County Circuit Court in 2014.  He claims that his trial and appellate counsel

rendered ineffective assistance and that he is actually innocent of the crimes for which he

was convicted.  Doc. # 1 at 5–7; Doc. # 1-1 at 2–9.  The respondents argue that Smith's

petition is time-barred by the one-year federal limitation period.  *See* 28 U.S.C. § 2244(d).

Doc. # 11 at 8–10.  The court agrees with the respondents and finds that Smith's petition

should be denied without an evidentiary hearing.

---

[1] References to document numbers (Doc(s). #) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II.   DISCUSSION

### A.   AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.   Smith's State Court Proceedings

On April 17, 2014, a Houston County jury found Smith guilty of three counts of

first-degree kidnapping, in violation of §13A-6-43(a)(2), Ala. Code 1975, and one count

of second-degree kidnapping, in violation of §13A-6-44, Ala. Code 1975.  Doc. # 11-1 at 67–70.  On that same date, the trial court sentenced Smith as a habitual felony offender to three consecutive life terms for the first-degree kidnapping convictions and a consecutive 30-year term for the second-degree kidnapping conviction.  Doc. # 11-1 at 71–78.

Smith appealed claiming that (1) the State knowingly and improperly elicited hearsay testimony at trial, and (2) the evidence was insufficient to sustain his convictions for first-degree kidnapping.  On April 10, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Smith's conviction and sentence.  Doc. # 11-8.  Smith did not apply for rehearing in the Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court.  On April 29, 2015, the Court of Criminal Appeals entered a certificate of judgment.  Doc. # 11-9.

On April 8, 2016, Smith filed a *pro se* petition in the trial court seeking post-conviction relief from his convictions and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.  *See* Doc. # 11-10 at 18.  Smith's Rule 32 petition asserted various claims of ineffective assistance of trial and appellate counsel.  On May 12, 2016, the trial court entered an order summarily denying Smith's Rule 32 petition.  *Id*. at 44.

Smith appealed the denial of his Rule 32 petition, and on October 14, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment.  Doc. # 11-13.  Smith did not apply for rehearing in the Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court.  On November 2, 2016, the Court of Criminal Appeals entered a certificate of judgment.  Doc. # 11-9.

## C.     Analysis of Timeliness of Smith's § 2254 Petition

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).   On direct review, Smith did not seek rehearing in the Alabama Court of Criminal Appeals after that court issued its memorandum opinion affirming his conviction, and he did not apply for certiorari in the Alabama Supreme Court. Thus, for purposes of § 2244(d)(1)(A), Smith's conviction became final, at the latest, on April 29, 2015, upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals.[2]   Absent statutory or equitable tolling, AEDPA's one-year limitation period for Smith to file a § 2254 petition expired on April 29, 2016.

### Statutory Tolling

Smith filed a Rule 32 petition in the trial court on April 8, 2016.   Under 28 U.S.C. § 2244(d)(2), that filing tolled AEDPA's one-year limitation period for Simmons to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect

---

[2] Because Smith declined to seek rehearing in the Alabama Court of Criminal Appeals after that court's issuance of its memorandum opinion on April 10, 2015, it is arguable that his conviction became final on April 24, 2015, i.e., 14 days after the decision by the Alabama Court of Criminal Appeals affirming his conviction, when the time for filing an application for rehearing expired under Rule 40 of the Alabama Rules of Appellate Procedure.   Under Rule 40, a defendant has 14 days to file a motion for rehearing. *See* Ala.R.App.P. 40(c).   This step is mandatory before an application for a writ of certiorari in the Alabama Supreme Court can be properly filed. *See* Ala.R.App.P. 40(d)(1) & 39(c)(1)*; see also Peterson v. Estes*, 2015 WL 4931368, at *3 (N.D. Ala. 2015) (finding § 2254 petitioner's conviction became final 14 days after decision by Alabama Court of Criminal Appeals affirming his conviction, because petitioner did not apply for rehearing in Alabama Court of Criminal Appeals).   This court however, will use the later, "certificate of judgment date" of April 29, 2015, in its calculation of the limitation period in Smith's case.

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).  When Smith filed his Rule 32 petition on April 8, 2016, AEDPA's limitation period had run for 345 days, i.e., from April 29, 2015, to April 8, 2016.

The state court proceedings related to Simmons's Rule 32 petition concluded on November 2, 2016, when a certificate of judgment was entered in the appellate proceedings on the Rule 32 petition.[3]  *See Moore*, 182 F. App'x at 941.  On that date, Simmons had 20 (i.e., 365 - 345) days remaining within which to file a timely federal habeas petition.  The federal limitation period ran unabated for those remaining 20 days, expiring on November 22, 2016.  Simmons filed this § 2254 petition on November 29, 2016—7 days after expiration of the limitation period as calculated under § 2244(d)(1)(A).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Smith by affording a different triggering date such that AEDPA's limitation period commenced on some date later than April 29, 2015, or (counting tolling under § 2244(d)(2)) expired on some date later than November 22, 2016.  There is no evidence that an unlawful state action impeded Smith from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Smith submits no ground for relief with a factual predicate not

---

[3] Because Smith did not seek rehearing in the Alabama Court of Criminal Appeals after that court's issuance of its memorandum opinion in his Rule 32 appeal on October 14, 2016, it is arguable that the Rule 32 proceedings became final on October 28, 2016—14 days after the decision by the Alabama Court of Criminal Appeals affirming the trial court's denial of Smith's Rule 32 petition. *See* Ala.R.App.P. 40(c), (d)(1) & 39(c)(1).  This court however, will use the "certificate of judgment date" of November 2, 2016, as the date when the Rule 32 proceedings concluded in the state courts..

discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).   Smith also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

For the reason discussed above, the court finds that Smith untimely filed his § 2254 petition after AEDPA's one-year limitation period expired.

## Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."   *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).   A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).   The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).   Although afforded an opportunity to do so, Smith makes no argument for applying equitable tolling in his case, and nothing in the record suggests that equitable tolling should apply to excuse the untimely filing of Smith's habeas petition.

## Actual Innocence

Smith claims he is actually innocent of the crimes for which he was convicted.  Doc. # 1-1 at 3–4 & 7–9.  The AEDPA statute of limitations may be overcome by a credible

showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Smith points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he reargues the sufficiency of the State's evidence at trial and the weight afforded the evidence. Doc. # 1-1 at 3–4 & 7–9. For instance, Smith argues that the State failed to prove a prima facie case of either first-degree or second-degree kidnapping (*id.* at 3–4) and alleges that the presented evidence in a manner that

"confused" the jury about the difference between impeachment evidence and substantial evidence (*id*. at 3). Such arguments, predicated on Smith's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence. *See Bousley*, 523 U.S. at 623–24; *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987 at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Smith challenged the sufficiency of the State's evidence on the first-degree kidnapping counts on direct appeal. *See* Doc. 11-8 at 6–11. The Alabama Court of Criminal Appeals reviewed Smith's claim and found that evidence was presented at trial from which the jury could have reasonably concluded that Smith was guilty of the charged offenses. Smith is not entitled to further review of his sufficiency claims, because his § 2254 petition was filed after expiration of the federal limitation period and he fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.[4] As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure

---

[4] The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming solely for argument that Smith may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural

that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Smith's is not such a case.

For the reasons set forth above, Smith's § 2254 petition is time-barred and his claims are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **February 5, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

---

restrictions, including the limitation period in § 2244(d).  *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement).  In any event, as stated in this Recommendation, Smith's actual-innocence claim amounts to a challenge to the sufficiency of and/or weight afforded the State's evidence.  Such a claim, even if taken as a freestanding actual-innocence claim, is time-barred under § 2244(d).

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1;

*Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 22nd day of January, 2019.

    /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISRATE JUDGE

10